PER CURIAM.
The Probate Rules Committee of The Florida Bar (rules committee) has filed an emergency petition to amend the Florida Probate Rules. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In 2001, the Florida Legislature passed extensive revisions to the Florida Probate Code. See ch. 2001-226, Laws of Fla. The rules committee filed the instant petition on an emergency basis because the January 1, 2002, effective date of the statutes necessitated these amendments. In the interest of judicial economy, the rules committee also proposes a number of technical and clarifying amendments. Pursuant to Florida Rule of Judicial Administration 2.130(e), the proposed changes were submitted to the Board of Governors of The Florida Bar for its recommendation. After approval by the Board, this Court ordered publication of the proposed changes. No comments were filed.
We have reviewed the proposed amendments and adopt them as submitted and set forth in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately and shall be applicable to decedents dying after December 31, 2001.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
APPENDIX
RULE 5,070, SUBPOENA
Florida Rule of Civil Procedure-1.410 shall apply in probate and guardianship proceedings.
Committee-Notes

Rule History

1975 — Revision:—Same—as prior rule &07C
1977 Revision: Citation form change in rule and committee note-
1988 Revision: Citation form change in committee notes.-
1992 Revision: Editorial change. — Citation form change in committee notesv
RULE 5.080. DISCOVERY AND SUBPOENA
(a) Application Adoption of Civil Rules. The following Florida Rules of Civil Procedure relating to discovery shall apply in ah. probate and guardianship proceedings:
(1) Rule 1.280, general provisions governing discovery.
(2) Rule 1.290, depositions before action or pending appeal.
(3) Rule 1.300, persons before whom depositions may be taken.
(4) Rule 1.310, depositions upon oral examination.
(5) Rule 1.320, depositions upon written questions.
*850 (6) Rule 1.330, úse of depositions in court proceedings.
(7) Rule 1.340, interrogatories to parties.
(8) Rule 1.350, production of documents and things and entry upon land for inspection and other purposes.
(9) Rule 1.351, production of documents and things without deposition.
(10) Rule 1.360, examination of persons.
(11) Rule 1.370, requests for admission.
(12) Rule 1.380, failure to make discovery; sanctions.
(13) Rule 1.390, depositions of expert witnesses.
(14) Rule 1.410, subpoena.
(b) Limitations and Costs. In order to conserve the assets of the estate, the court has broad discretion to limit the scope and the place and manner of the discovery and may to assess the costs, including attorneys’ fees, of the discovery against the party making it or against 1 or more of the beneficiaries of the estate or against the ward in such proportions as the court determines, considering, among other things factors, the benefit derived therefrom.
(c) Application. It is not necessary to have an adversary proceeding under rule 5.025 to utilize the rules adopted in subdivision (a) above. Any interested person may utilize the rules adopted in subdivision (a).
Committee Notes
Subdivision (b) is not intended to result in the assessment of costs, including attorney’s fees, in every instance in which discovery is sought. Subdivision (c) is not intended to overrule the holdings in In re Estate of Shaw, 340 So.2d 491 (Fla. 3d DCA 1976), and In re Estate of Posner, 492 So.2d 1093 (Fla. 3d DCA 1986).

Rule History

1975 Revision: This rule is the same as prior rule 5.080, broadened to include guardianships and intended to clearly permit the use of discovery practices in non-adversary probate and guardianship matters.
1977 Revision: Editorial change in citation form in committee note.
1984 Revision: Florida Rules of Civil Procedure 1.290, 1.300, 1.351, and 1.410 have been added.
1988 Revision: Subdivision (a)(15) deleted as duplicative of rule 5.070 Subpoena. Editorial change in (b). Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Reference to rule 1.400 eliminated because of deletion of that rule from the Florida Rules of Civil Procedure. Editorial change.
2002 Revision: Reference to rule 1.410 transferred to subdivision (a) from former rule 5.070. Subdivision (b) amended to give court discretion to assess attorneys’ fees. Subdivision (c) added. Committee notes revised.

Statutory References

§ 731.201(21), Fla. Stat. General definitions.
§ 733.106, Fla. Stat. Costs and attorney^ fees.
§ 744.105, Fla. Stat. Costs.
§ 744.108, Fla. Stat. Guardian’s and attorney’s fees and expenses.

Rule References

Fla. Prob. R. 5.025 Adversary proceedings.
*851 Fla. R. Jud. Admin. 2.070 Court reporting.
RULE 5.200. PETITION FOR ADMINISTRATION
The petition for administration shall be verified by the petitioner and shall contain:
(a) a statement of the interest of the petitioner, the petitioner’s name and address, and the name and office address of the petitioner’s attorney;
(b) the name, last known address, social security number, and date and place of death of the decedent, and the state and county of the decedent’s domicile;
(e)so far as is known, the names and addresses of the surviving spouse, if any, and the beneficiaries and their relationship to the decedent and the date of birth of any who are minors;
(d) a statement showing venue;
(e) the priority, under the Florida Probate -Gode code, of the person whose appointment as the personal representative is sought and a statement that the person is qualified to serve under the laws of Florida;
(f) if the decedent was a nonresident of this state, a statement whether domiciliary or principal proceedings are pending in another state or country, if known, and the name and address of the foreign personal representative and the court issuing letters;
(g) a statement of the approximate value and nature of the assets;
(h) in an intestate estate, a statement that after the exercise of reasonable diligence the petitioner is unaware of any unrevoked wills or codicils, or if the petitioner is aware of any unrevoked wills or codicils, a statement why the wills or codicils are not being probated, or otherwise a statement of the facts concerning any such will or codicil;
(i) in a testate estate, a statement identifying all unrevoked wills and codicils being presented for probate, and a statement that the petitioner is unaware of any other unrevoked will or codicil or, if the petitioner is aware of any other unrevoked wills or codicils, a statement why the other wills or codicils are not being probated; and
(j) in a testate estate, a statement that the original of the decedent’s last will is in the possession of the court or accompanies the petition, or that an authenticated copy of a will deposited with or probated in another jurisdiction or that an authenticated copy of a notarial will, the original of which is in the possession of a foreign notary, accompanies the petition.
Committee Notes

Rule History

1977 Revision: Addition to (b)(5) to require an affirmative statement that the person sought to be appointed as personal representative is qualified to serve. Committee note expanded to include additional statutory references.
Substantially the same as section 733.202, Florida Statutes, and implementing sections 733.301 through 733.305, Florida Statutes.
1988 Revision: Editorial changes. Committee notes revised.
1992 Revision: Addition of phrase in subdivision (b) to conform to 1992 amendment to section 733.202(2)(b), Florida Statutes. Reference to clerk ascertaining the amount of the filing fee deleted in subdivision (g) because of repeal of sliding scale of filing fees. The remaining language was deemed unnecessary. Editorial changes. Committee notes revised. Citation form changes in committee notes.
*852 2002 Revision: Addition of phrases in subdivision CD to add references to wills probated in Florida where the original is in the possession of a foreign official. Editorial changes. Committee notes revised.

Statutory References

§ 731.301, Fla. Stat. Notice; — method: and time;--proof
§ 733.202, Fla. Stat. Petition.
§ 733.302, Fla. Stat. Who may be appointed personal representative.
§ 733.303, Fla. Stat. Persons not qualified.
§ 733.304, Fla. Stat. Nonresidents.
§ 733.305, Fla. Stat. Trust companies and other corporations and associations. Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.201 Notice of petition for administration.
RULE 5.205. FILING EVIDENCE OF DEATH
(a)Requirements for Filing. A copy of an official record of the death .of a decedent shall be filed by the personal representative, if any, or the petitioner in each of the following proceedings and at the times specified:
(1)Administration of decedent’s estate: not later than 3 months following the date of the first publication of the notice of administration.
(2) Ancillary proceedings: not later than 3 months following the date of first publication of notice to creditors.
(3) Family administration: at any time prior to entry of the order of family administration.
(4) Summary administration: at any time prior to entry of the order of summary administration.
(5) Disposition without administration: at the time of filing the application for disposition without administration.
(6) Determination of beneficiaries: at any time prior to entry of the final judgment determining beneficiaries.
(7) Determination of protected homestead: at any time prior to entry of the final judgment determining protected homestead status of real property.
(8) Probate of will without administration: at any time prior to entry of the order admitting will to probate.
(b) Waiver. On verified petition by the personal representative, if any, or the petitioner the court may enter an order dispensing with this rule, without notice or hearing.
(c) Authority to Require Filing. The court may, without notice or hearing, enter an order requiring the personal representative, if any, or the petitioner to file a copy of an official record of death at any time during the proceedings.
Committee Notes

Rule History

1980 Revision: This rule is intended to provide a uniform procedure for filing an official record of death in any judicial or statutory proceeding upon the death of a decedent. The court may, upon ex parte application, waive compliance with this rule or require filing at any stage in the proceedings.
*853 1984 Revision: Captions and minor editorial changes. Committee notes revised.
1988 Revision: Editorial and substantive changes. Adds (a)(8) to require filing when will is admitted to probate without administration of the estate or an order disposing of property. Committee notes revised.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Replaces “homestead” with “protected homestead” in (a)(7) to conform to addition of term in section 731.201(29), Florida Statutes. Committee notes revised.

Statutory References

§ 731.103, Fla. Stat. Evidence as to death or status.
§ 733.212, Fla. Stat. Notice of administration; fifing of objections and claims.

Rule References

Fla. Prob. R. 5.042(a) Time.
Fla. Prob. R. 5.171 Evidence of death.
Fla. Prob. R. 5.240 Notice of administration.
RULE 5.210. PROBATE OF WILLS WITHOUT ADMINISTRATION
(a)Manner. On — petitiom-the- will of -a decedent may-dae-admitted-tO' probate by fifing:
(-1-) a self-proved will executed as required by law;-or
(2) the wffl-and the written oath of a person authoriaed- by statute- proving the
execution of the-will-as required by law; or
(3) an authenticated copy of a notarial m441 — the originai-of which fe in the possession-of a foreign notary if the will was valid under the laws.of the-state- or coub-try where-the testator was at the -time of execution; or
(4) an authenticated copy of the will if the original could have been admitted to probate in Florida; or
(5) ar-wi-i-l-or a photographic copy-of a will written in a foreigm-language to which is attached a true and- complete English translation-together with proof of-will as required by law. — In-the order admitting the foreign language -w4fi-to probate the court shall- establish the correct English translation.
(b) Petition. The petition shall contain the name, last known address, date and place of-death of the decedent, and the state, county, and, if — applicable, foreign country of the decedenfis-domicile.
(c) Oath. Any circuit-judge or clerk in Florida may take the oath of a witness to a will in proof of the-attestation of that witness without issuance of a commission, attaching the original or photographic copy of the will to the oath of the witness.
A petition to admit a decedent’s will to probate without administration shall be verified by the petitioner and shall contain:
(a) a statement of the interest of the petitioner, the petitioner’s name and address, and the name and office address of the petitioner’s attorney;
(b) the name, last known address, social security number, date and place of death of the decedent, and state and county of the decedent’s domicile;
(c) so far as is known, the names and addresses of the surviving spouse, if any, and the beneficiaries and their relationships to the decedent, and the date of birth of any who are minors;
(d) a statement showing venue;
(e) a statement whether domiciliary or principal proceedings are pending in another state or country, if known, and the *854 name and address of the foreign personal representative and the court issuing; letters;
(f) a statement that there are no assets subject to administration in Florida;
(g) a statement identifying all unre-voked wills and codicils being presented for probate and a statement that the petitioner is unaware of any other unrevoked will or codicil or, if the petitioner is aware of any other unrevoked wills or codicils, a statement why the other wills or codicils are not being probated; and
(h) a statement that the original of the decedent’s last will is in the possession of the court or accompanies the petition, or that an authenticated copy of a will deposited with or probated in another jurisdiction or that an authenticated copy of a notarial will, the original of which is in the possession of a foreign notary, accompanies the petition.
Committee Notes
Examples illustrating when a will might be admitted to probate are when an instrument (such as a will or trust agreement) gives the decedent a power exercisable by will, such as the power to appoint a successor trustee or a testamentary power of appointment. In each instance, the will of the person holding the power has no legal significance until admitted to probate. There may be no assets, creditors’ issues, or other need for a probate beyond admitting the will to establish the exercise or non-exercise of such powers.

Rule History

1975 Revision: Proof of will may be taken by any Florida circuit judge or clerk without issuance of commission.
1984 Revision: This rule has been completely revised to set forth the procedure for proving all wills except lost or destroyed wills and the title changed. The rule requires an oath attesting to the statutory requirements for execution of wills and the will must be proved before an order can be entered admitting it to probate. Former rules 5.280, 5.290, and 5.500 are included in this rule. Committee notes revised.
1988 Revision: Editorial and substantive changes. Change in (a)(3) to clarify which law determines validity of a notarial will; change in (a)(4) to clarify requirement that will of a Florida resident must comply with Florida law; adds new subdivision (b) to set forth required contents of petition for probate of will; moves former (b) to (c). Committee notes expanded; citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a)(4) changed to allow authenticated copies of wills to be admitted to probate if the original is filed or deposited in another jurisdiction.
2002 Revision: Substantial revision to the rule setting forth the requirements of a petition to admit a will to probate when administration is not required. Self proof of wills is governed by the Florida Statutes. Former subdivision (a)(4) amended and transferred to new rule 5.215. Former subdivision (a)(5) amended and transferred to new rule 5.216.

Statutory References

§ 731.201, Fla. Stat. General definitions.
§ 732.502, Fla. Stat. Execution of wills.
§ 732.503, Fla. Stat. Self-proof of will.
§ 733.201, Fla. Stat. Proof of wills.
§ 733.202, Fla. Stat. Petition.
§ 733.204, Fla. Stat. Probate of a will written in a foreign language.
*855 § 733.205, Fla. Stat. Probate of notarial will.
§ 733.206, Fla. Stat. Probate of will of resident after foreign probate.
§ 733.207, Fla. Stat. Establishment and probate of lost or destroyed will.
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.503, Fla. Stat. Appointment of successor upon resignation.
§ 734.104, Fla. Stat. Foreign wills; admission to record; effect on title.

Rule Reference

Fla. Prob. R. 5.015 General definitions.
RULE 5.215 AUTHENTICATED COPY OF WILL
An authenticated copy of a will may be admitted to probate if the original could be admitted to probate in Florida.
Committee Notes

Rule History

2002 Revision: New rule, derived from former rule 5.210(a)(4).

Statutory References

dent’s testate estate with property not exceeding $50,000 in this state; determination of claims. <D HQ d-s S3 CD ’P ’go CD o £ m fa <M O i — i CO
§ 734,104, Fla. Stat. Foreign wills; admission to record; effect on title.

Rule References

Fla. Prob. R. 5.470 Ancillary administration.
Fla. Prob. R. 5.475 Ancillary administration, short form.
RULE 5.216 WILL WRITTEN IN FOREIGN LANGUAGE
A will written in a foreign language being offered for probate shah be accompanied by a true and complete English translation. In the order admitting the foreign language will to probate, the court shall establish the correct English translation. At any time during administration, any interested person may have the correctness of the translation redetermined after formal notice to all other interested persons.
Committee Notes

Rule History

2002 Revision: New rule, derived from former rule 5.210(a)(5) and section 733.204(2), Florida Statutes.

Statutory Reference

§ 733.204, Fla. Stat. Probate of a will written in a foreign language.
RULE 5.240. NOTICE OF ADMINISTRATION
(a) Publication and Service. After-issuance of-lette-rs^tThe personal representative shall publish a notice of administration- and promptly serve a copy of the notice of administration in-the manner provided for formal- notice in these rules on the following persons who are known to the personal representative and who were not previously served under section 733.2123, Florida Statutes:
(1) the decedent’s surviving spouse;
(2) all beneficiaries whe-have not been barred by law; and
(3) thea trustee of any trust described in section 733.707(3), Florida Statutes^-; and
(4) persons who may be entitled to exempt property
Service upon creditors shal-l-be in the manner -provided -for informal — notice, in the manner provided for service of formal notice. The personal representative may similarly serve a copy of the notice on any devisee under a known will or heirs or others who claim or may claim an interest in the estate.
*856 (b) Contents. The notice shall contain state:
(1) the name of the decedent, the file number of the estate, the designation and address of the courts in which the proceedings are pending, whether the estate is testate or intestate, and, if testate, the date of the will and any codicils;
(2) the name and address of the personal representative and of the personal representative’s attorney;, and date of first publication; — The notice-s-hall require all interested persons to file with the courts -within the time provided-by-law;-
(1) all claims — against the estate;
(2) any objection by an
(3) that any- interested person on whom tiie notice wasis served thatwho challenges the validity of the will, the qualifications of the personal representative, and-the venue, or jurisdiction of the court is required to file any objections with the court in the manner provided in the Florida Probate Rules within the time required by law or those objections are forever barred; and
(4) that any person entitled to exempt property is required to file a petition for determination of exempt property within the time provided by law or the right to exempt property is deemed waived.
(e) Method-of-Publication and Proof. Publication shal-l-be made as required by law — Proof-of-publication-shall be filed with- the court within 45 -days of the first publication.
(c) Copy of Will. Unless the court directs otherwise, the personal representative of a testate estate shall, upon written request, furnish a copy of the will and all codicils admitted to probate to any person on whom the notice of administration was served.
(d) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of a personal representative. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
(e)-Statement — Regarding—Creditors. Within 4 months after -the-dafe-of the fir-sf publication of notice of administration, the personal representative-s-hall file a verified statement that.diligent search has been made to ascertain the-name-and address-e-f each- person having- -a— claim against the estafe^ — The statement need not include persons who have filed-a-timely claim-or who were -included in the personal representative’s proof of claim. — The statement shall indicate the name and address of each person — at—that time known to the personal representative-who has or may have a claim-agalnst the estate-and whether-such-person-was-served-with a notice of administration-or-otherwise received actual notice - of the information-contained in the notise-of administration.
Committee Notes
It - is- the committee-s-opinlen that the failure to timely file the-proof-of publication of the notice of administration shall not-affeet time limitations for filing claims or objections.
On-April 19, 1988, the United States Supreme Court decided-Tulsa-Professioiial Collection-Services,- Inc.-v- Pope, 485 U.S.-478, 108 S.Ct. -1340,-99-L.Ed.2d-565. This-ease will have-substantial impact on the -method for handling (and barring) *857 creditors’ claims. — This ease-stands for the proposition — -that-a creditor may not be barred by the usual publication if that credltor-was actually known to or reasonably-ascertainable by the personal representative, and the personal -representative failed to give notice to the-creditor by mail or other means as certain to ensure actual Botiefe — Less than actual notice in these c-ireumstances would deprive-the-creditor of-due process rights under the 14th Amendment — te—the—ÍLS.—Constitution. Probably actual notice of the death (as in the case of a hospital where the decedent died as a patient) without- notice of the institution of probate proceedings is not sufficient.
An elementary and fundamental requirement of due process in-any proceeding which-is to be accorded-finality is notice reasonably calculated, under all the circumstances, to apprise -interested persons of the pendency of the proceeding and afford them an opportunity to present their claims.
The statement required by this rule is not intended to be jurisdictional but rather to provide evidence of satisfaction (or lack thereof) of the due process requirements.

Rule History

1977 Revision: Former subdivision (c) is deleted as being substantive rather than procedural.
1984 Revision: Editorial changes; new requirement to file proof of publication; new requirements as to form of objections to will and qualifications of personal representative. Committee notes revised.
1988 Revision: The obligation to mail notice of administration to all known or reasonably ascertainable creditors has been added to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).
This rule does not require sending notice of administration to creditors in estates where the time for filing claims has expired before the effective date of this rule. However, no opinion is offered whether such claims are barred by the provisions of section 733.702, Florida Statutes.
Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (a) modified to make it consistent with recent changes to sections 733.212 and 733.702, Florida Statutes. Those statutes were amended to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). For the same reason, subdivision (e) was eliminated.
1992 Revision: Former subdivision (e) revised and reinstated to emphasize need for personal representative to determine all known or reasonably ascertainable creditors. Editorial changes; committee notes revised; citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to require service of notice of administration on trustees of certain revocable trusts as defined by Florida statute. Editorial changes.
2002 Revision: Procedures for notifying creditors are now governed by new rule 5.241, Committee notes revised.

Statutory References

§ 731.111, Fla. Stat. Notice to creditors.
§ 731.201(21), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice; — method and time;. proof.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
*858 § 732.5165, Fla. Stat. Effect of fraud, duress, mistake, and undue influence.
§ 733.109, Fla. Stat. Revocation of probate.
§ 733.212, Fla. Stat. Notice of administration; filing of objections and claims.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.302, Fla. Stat. Who may be appointed personal representative.
§ 733.303, Fla. Stat. Persons not qualified.
§ 733.305, Fla. Stat. Trust companies and other corporations and associations.
§ 733.702,-Fla — Stat. Limitations on presentation of claims.
§ 733.703, Fla,-Stat. Form and manner of presenting-claiffir
§-733-704; — Fla—Stat,—Amendment—ef claimsr
§ 733.705; ■■ Fla- Stat. Payment of and objection to claims.-
§ 733.708, Fla. Stat. Compromise.

Rule References

Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.270 Revocation of probate.
Fla. Prob. R. 5.440 Proceedings for removal.
Fla. Prob. R. 5.490 For-m-and manner-ef presenting clainu
Fla. Prob. R. 5.520 Family administo-tiem
RULE 5.241. NOTICE TO CREDITORS
(a) Publication and Service. After issuance of letters, the personal representative shall promptly publish a notice to creditors and serve a copy of the notice, in the manner provided for informal notice, on all creditors of the decedent who are reasonably ascertainable and, if required by law, on the Agency for Health Care Administration.
(b) Contents. The notice to creditors shall contain the name of the decedent, the file number of the estate, the designation and address of the court, the name and address of the personal representative and of the personal representative’s attorney, and the date of first publication of the notice to creditors. The notice shall require all creditors to file all claims against the estate with the court, within the time provided by law.
(c) Method of Publication and Proof. Publication shall be made as required by law. The personal representative shall file proof of publication with the court within 45 days after the date of first publication of the notice to creditors.
(d) Statement Regarding Creditors. Within 4 months after the date of the first publication of notice to creditors, the personal representative shall file a verified statement that diligent search has been made to ascertain the name and address of each person having a claim against the estate. The statement shall indicate the name and address of each person at that time known to the personal representative who has or may have a claim against the estate and whether such person was served with the notice to creditors or otherwise received actual notice of the information contained in the notice to creditors; provided that the statement need not include persons who have filed a timely *859 claim or who were included in the personal representative’s proof of claim.
Committee Notes
It is the committee’s opinion that the failure to timely file the proof of publication of the notice to creditors shall not affect time limitations for filing claims or objections.
On April 19, 1988, the United States Supreme Court decided Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565. This case substantially impacted the method for handling (and barring) creditors’ claims. This case stands for the proposition that a creditor may not be barred by the usual publication if that creditor was actually known to or reasonably ascertainable by the personal representative, and the personal representative failed to give notice to the creditor by mail or other means as certain to ensure actual notice. Less than actual notice in these circumstances would deprive the creditor of due process rights under the 14th Amendment to the U.S. Constitution. Probably actual notice of the death (as in the case of a hospital where the decedent died as a patient) without notice of the institution of probate proceedings is not sufficient.
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested persons of the pendency of the proceeding and afford them an opportunity to present their claims.
The statement required by this rule is not intended to be jurisdictional but rather to provide evidence of satisfaction (or lack thereof) of the due process requirements.

Rule History

2002 Revision: New rule to implement procedures consistent with new section 733.2121, Florida Statutes.

Statutory References

§ 731.301, Fla. Stat. Notice.
§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
§ 733.702, Fla. Stat. Limitations on presentation of claims.
§ 733.703, Fla. Stat. Form and manner of presenting claim.
§ 733.704, Fla. Stat. Amendment of claims.
§ 733.705, Fla. Stat. Payment of and objection to claims.
§ 733.708, Fla. Stat. Compromise.

Rule Reference

Fla. Prob. R. 5,490 Form and manner of presenting claim. .
RULE 5.310. DISQUALIFICATION OF PERSONAL REPRESENTATIVE; NOTIFICATION
Any personal representative who was not qualified to act at the time of appointment or who becomes-disqualified to act after would not be qualified for appointment if application for appointment were then made shall immediately present a petition for resignation^]?- other appropriate action- and shall do all other things necessary to procure an- order on the peti-tiem file and serve on all interested persons a notice describing:
(a) the reason the personal representative was not qualified at the time of appointment; or
(b) the reason the personal representative would not be qualified for appointment if application for appointment were then made and the date on which the disqualifying event occurred.
*860 The personal representative’s notice shall state that any interested person may petition to remove the personal representative.
Committee Notes
Notification under this rule or section 733.3101, Florida Statutes, does not automatically affect the authority of the personal representative to act. The personal representative may resign or interested persons or the court must act to remove the personal representative.

Rule History

1975 Revision: This is same as old rule 5.220 and old section 732.47(3), Florida Statutes. The rule sets forth the imperative need for timely action and the inherent responsibility of a fiduciary to effect orderly succession. It further implies the inherent jurisdiction of the court to control by judicial overview the succession.
1977 Revision: Citation form change in committee note.
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes to clarify rule. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Rule amended to implement procedures found in section 733.3101, Florida Statutes. Committee notes revised.

Statutory References

§ 731.301, Fla. Stat. Notice; method and time; proof.
§ 733.302, Fla. Stat. Who may be appointed personal representative.
§ 733.303, Fla. Stat. Persons not qualified.
£ CD m CD U, CM Qp ¡3 O m u <D PH m
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.504, Fla. Stat. Causes-of-rRemoval of personal representative; causes for removal.
§ 733.505, Fla. Stat. Jurisdiction in removal proceedings.
§ 733.506, Fla. Stat. Proceedings for removal.

Rule References

Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.430 Resignation of personal representative.
Fla. Prob. R. 5.440 Proceedings for removal.
RULE 5.340. INVENTORY
(a) Contents and Filing. Unless an inventory has been previously filed, the personal representative shall file an inventory of the estate within 60 days after issuance of letters. The inventory shall contain notice of the beneficiaries’ rights under subdivision (e), list the estate with reasonable detail and include for each listed item (excluding real property appearing to be protected homestead property) its estimated fair market value at the date of the decedent’s death. Real property appearing to be protected homestead property shall be listed and so designated.
(b) Extension. On petition the time for filing the inventory may be extended by the court for cause shown without notice, except that the personal representative shall serve copies of the petition and order on the persons described in subdivision (d).
(c) Amendments. A supplementary or amended inventory containing the information required by subdivision (a) as to each affected item shall be filed and served by the personal representative if:
(1) the personal representative learns of property not included in the original inventory; or
*861 (2) the personal representative learns that the estimated value or description indicated in the original inventory for any item is erroneous or misleading; or
(3) the personal representative determines the estimated fair market value of an item whose value was described as unknown in the original inventory.
(d) Service. The personal representative shall serve a copy of the inventory and all supplemental and amended inventories on the Department of Revenue, the surviving spouse, each heir at law in an intestate estate, each residuary beneficiary in a testate estate, and any other interested person who may request it in writing. The personal representative shall file proof of such service.
(e) Information. On reasonable request in writing the personal representative shall provide an interested person with a written explanation of how the inventory value for an asset was determined and shall permit an interested person to examine appraisals on which' inventory- values are based a beneficiary with information to which the beneficiary is entitled by law.
(f) Elective Share Proceedings. Upon entry of an order determining the surviving spouse’s entitlement to the elective share, the personal representative shall file an inventory of the property entering into the elective estate which shall identify the direct recipient, if any, of that property. The personal representative shall serve the inventory of the elective estate as provided in rule 5.360. Service of an inventory of the elective estate on the Department of Revenue is not required. On reasonable request in writing the personal representative shall provide an interested person with a written explanation of how the inventory value for an asset was determined and shall permit an interested person to examine appraisals on which the inventory values are based.
(g) Verification. All inventories shall be verified by the personal representative.
Committee Notes
Inventories of the elective estate under subdivision (f) shall be afforded the same confidentiality as probate inventories. § 733.604(1) and (2), Fla. Stat.
Inventories are still required to be filed. Once filed, however, they are subject to the confidentiality provisions found in sections 733.604(1) and (2), Florida Statutes.
Constitutional protected homestead real property is not necessarily a probatable asset. Disclosure on the inventory of real property appearing to be constitutional protected homestead property informs interested persons of the homestead issue.
Interested persons are entitled to reasonable information about estate proceedings on proper request, including a copy of the inventory, an opportunity to examine appraisals, and other information pertinent to their interests in the estate. The rights of beneficiaries to information contained in estate inventories is limited by section 733.604(3), Florida Statutes. Inventories of the elective estate under subdivision (f) affects a broader class of interested persons who may obtain information regarding the assets disclosed therein subject to control by the court and the confidentiality afforded such inventories under section 733.604(1) and (2).

Rule History

1980 Revision: Eliminated the time limit in requesting a copy of the inventory by an interested person or in furnishing it by the personal representative.
1984 (First) Revision: Extensive changes. Committee notes revised.
*862 1984 (Second) Revision: Subdivision (a) modified to clarify or-re-insert continued filing requirement for inventory.
1988 Revision: Editorial changes in (b) and (d). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2001 Revision: Subdivision (a) amended to conform to statutory changes. Subdivision (d) amended to add requirement of filing of proof of service. Subdivision (e) amended to clarify personal representative’s duty to furnish explanation of how inventory values were determined. Subdivision (f) added to require personal representative to file inventory of property entering into elective share. Subdivision (g) added to require verification of inventories. Committee notes revised.
2002 Revision: Subdivision (e) amended to conform to section 733.604(3), Florida Statutes. Subdivision (f) amended to establish procedures for interested persons to obtain information about assets and values listed in the inventory of the elective estate. Committee notes revised.

Constitutional Reference

Art. X, § 4, Fla. Const.

Statutory References

§ 199.062(4), Fla. Stat. Annual tax information reports.
§ 732.401, Fla. Stat. Descent of homestead.
§ 732.4015, Fla. Stat. Devise of homestead.
§ 733.604, Fla. Stat. Inventory.
§ 733.605, Fla. Stat. Appraisers-.

Rule References

Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.360 Elective share.
Fla. Prob. R. 5.405 Proceedings to determine homestead real property.
RULE 5.341 ESTATE INFORMATION
On reasonable request in writing, the personal representative shall provide an interested person with information about the estate and its administration.
Committee Notes
This rule is not intended to overrule the holdings in In re Estate of Shaw, 340 So.2d 491 (Fla. 3d DCA 1976), and In re Estate of Posner, 492 So.2d 1093 (Fla. 3d DCA 1986).

Rule History

2002 Revision: New rule.
RULE 5.345. INTERIM ACCOUNT-INGS OTHER^THANPERSONAI^REP^ RESENTATIYES’ FINAL ACCOUNT-INGS
(a) Contents Applicability and Accounting Periods. This rule applies to the interim accounting of any fiduciary of a probate estate, the accounting of a personal representative who has resigned or been removed, and the accounting of a curator upon the appointment of a successor fiduciary. The personal representative fiduciary may elect to file an interim accounting at any time, or the court may require an interim or supplemental accounting. The interim accounting shall include all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration and shall also include a schedule-of the assets-at the end of-the accounting- period. — The accounting period may be a-fiscal year -or any other period selected by the personal representative-.- The ending date of the accounting period for any accounting to which this rule applies shall be as follows:
*863 (1) For an interim accounting, any date selected by the fiduciary, including a fiscal or calendar year, or as may be determined by the court.
(2) For the accounting of a personal representative who has resigned or has been removed, the date the personal representative’s letters are revoked.
(3) For a curator who has been replaced by a successor fiduciary, the date of appointment of the successor fiduciary.
(b) Notice of Filing. Notice of filing and a copy of the interimany accounting to which this rule applies shall be served on all interested persons. The notice shall state that objections to the accounting must be filed within 30 days from the date of service of notice.
(c) Objection. Any interested person may file an objection to the interimany accounting to which this rule applies within 30 days from the date of service of notice on that person. Any objection not filed within 30 days from the date of service shall be deemed abandoned. An objection shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds upon which the objection is based.
(d) Service of Objections. The objecting party shall serve a copy of the objection on the personal representativefiduciary filing the accounting and other interested persons.
(e) ApprovalDisposition of Objections and Approval of Accountings. The-interim accountingThe court shall sustain or overrule any objection filed as provided in this rule. If no objection is filed, any accounting to which this rule applies shall be deemed approved 30 days from the date of service of the interimaccounting on interested persons, analess — an objeefoon — is filed as provided in-the-r-ules.
(f) Substantiating Papers. On reasonable written request in writing, the personal-representativefiduciary shall permit an interested person to examine papers substantiating items in an interimany accounting to which this rule applies.
(g) Supplemental Accountings. The court, on its own motion or on that of any interested person, may require a fiduciary who has been replaced by a successor fiduciary to file a supplemental accounting, the beginning date of which shall be the ending date of the accounting as specified in subdivision (a) of this rule and the ending date of which is the date of delivery of all of the estate’s property to the successor fiduciary, or such other date as the court may order.
Committee Notes
The personal representative is required to file a final accounting when administration is complete, unless filing is waived by interested persons. Additionally, a personal- representativefiduciary of a probate estate may elect, but is not required, to file interim accountings at any time. An accounting is required for resigning or removed fiduciaries. The filing, notice, objection, and approval procedure is similar to that for final accounts.

Rule History

1977 Revision: Change in (a) to authorize selection of fiscal year.
1980 Revision: Change in (d) of prior rule to require the notice to state that the basis for an objection is necessary. Change in (e) of prior rule to require any person filing an objection to set forth the basis of such objection.
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Citation form change in committee notes.
*864 1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Implements procedures for interim accountings and accountings by resigning -or removed fiduciaries. Committee notes revised.

Statutory References

§ 733.3101, Fla. Stat. Personal representative not qualified.
§ 733.501, Fla. Stat. Curators.
§ 738.502, Fla. Stat. Resignation of personal representative.
§ 733.5035, Fla. Stat. Surrender of assets after resignation.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.901, Fla. Stat. Distribution; final discharge.
Ch. 738, Fla. Stat. Principal and income.

Rule References

Fla. Prob. R. 5.346 Fiduciary accounting.
Fla. Prob. 5.400 Distribution and discharge.
RULE 5.346. FIDUCIARY ACCOUNTING
(a) Contents. A fiduciary accounting shall include:
(1) all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration, and
(2) a schedule of assets at the end of the accounting period.
(b) Accounting Standards. The following standards are required for the accounting of all transactions occurring on or after January 1,1994:
(1) Accountings shall be stated in a manner that is understandable to persons who are not familiar with practices and terminology peculiar to the administration of estates and trusts.
(2) The accounting shall begin with a concise summary of its purpose and content.
(3) The accounting shall contain sufficient information to put interested persons on notice as to all significant transactions affecting administration during the accounting period.
(4) The accounting shall contain 2 values in the schedule of assets at the end of the accounting period, the asset acquisition value or carrying value, and estimated current value.
(5) Gains and losses incurred during the accounting period shall be shown separately in the same schedule.
(6) The accounting shall show significant transactions that do not affect the amount for which the fiduciary is accountable.
(c)Accounting Format. A model format for an accounting is attached to this rule as Appendix A.
Committee Notes
This rule substantially adopts the Uniform Fiduciary Accounting Principles and Model Formats adopted by the Committee on National Fiduciary Accounting Standards of the American Bar Association: Section of Real Property, Probate and Trust Law, the American College of Probate Counsel, the American Bankers Association: Trust Division, and other organizations.
Accountings shall also comply with the Florida principal and income law, chapter 738, Florida Statutes.
*865 Attached as Appendix B to this rule are an explanation and commentary for each of the foregoing standards, which shall be considered as a Committee Note to this rule.
Accountings that substantially conform to the model formats are acceptable. The model accounting format included in Appendix A is only a suggested form.
Rule 5.180(a)(1)(F) allows a waiver to the requirement that principal and interest be separately accounted for.

Rule History

1988 Revision: New rule.
1992 Revision: Editorial changes throughout. Rule changed to require compliance with the Uniform Fiduciary Accounting Principles and Model Formats for accounting of all transactions occurring on or after January 1, 1994. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Committee notes revised.
1999 Revision: Committee notes revised to correct rule reference and to re-fleet formatting changes in accounting formats.
2002 Revision: Subdivisions (a) and (b) amended to clarify contents of accounting. Committee notes revised.

Statutory References

§-733.502; Fla. Stat.-Resignation of personal representative.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.602(1), Fla. Stat. General duties.
§ 733.612(18), Fla. Stat. Transactions authorized for the personal representative; exceptions.
Ch. 738, Fla. Stat. Principal and income.

Rule References

Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.345 -Interim aAccount-ings other than personal representatives’ final accountings.
Fla. Prob. R. 5.400 Distribution and discharge.
APPENDIX A TO RULE 5.346
IN THE CIRCUIT COURT FOR _COUNTY, FLORIDA
IN RE: ESTATE OF
PROBATE DIVISION
File Number_
Deceased.
Division_
_ACCOUNTING OF PERSONAL REPRESENTATIVE©
From:_, IS , Through:_, 4@_
The purpose of this accounting is to acquaint all interested persons with the transactions that have occurred during the period covered by the accounting and the assets that remain on hand. It consists of a SUMMARY sheet and Schedule A showing all Receipts, Schedule B showing all
*866 Disbursements, Schedule C showing all Distributions, Schedule D showing all Capital Transactions and Adjustments (the effect of which are also reflected in other schedules, if appropriate), and Schedule E showing assets on hand at the end of the accounting period.
If this is a-FINAL accounting, the -amount and manner of-determining compensation for attorneys-for the personal reprosentative(s) aro disclosed on Schedule F, unless-the disclosure is waived pursuant-to Section 733.6171-(-9)-ef the Florida Statutes-by the parties boaring tho impact of the compensation.
It is important that this accounting be carefully examined. Requests for additional information and any questions should be addressed to the personal representative(s) or the attorneys for the personal representative^), the names and addresses of whom are set forth below.
Under penalties of perjury, the undersigned personal representative(s) declare(s) that I (we) have read and examined this accounting and that the facts and figures set forth in the Summary and the attached Schedules are true, to the best of my (our) knowledge and belief, and that it is a complete report of all cash and property transactions and of all receipts and disbursements by me (us) as personal representative(s) of the estate of-deceased, from_,_through__
Signed on-,-
Attorney for Personal Representative: Personal Representative:
Attorney , -
Name
Florida Bar No. _ (address) (address) Telephone: _ [Print or Type Names Under All Signature Lines]
IN THE CIRCUIT COURT FOR_COUNTY, FLORIDA
IN RE: ESTATE OF PROBATE DIVISION
File Number_
Deceased. Division_
_ACCOUNTING OF PERSONAL REPRESENTATIVE
From:_, 49 — , Through:_, IS—
SUMMARY
I.Starting Balance Assets per Inventory or on Hand at Close of Last Accounting Period Income II.Receipts Schedule A: III.Disbursements
*867 Schedule B: $_ $_ $_
IV.Distributions Schedule C: $_ $_ $.
V.Capital Transactions and Adjustments Schedule D: Net Gain or (Loss) $_ $.
VI.Assets on Hand at Close of Accounting Period Schedule E: Cash and Other Assets $_ $_ $.
NOTE: Refer to Fla. Prob. R. 5.330(b), 5.345, 5.346, and 5.400. Also see Accountings, Chapter 12 of Practice Under Florida Probate Code, 2002. Entries on Summary are to be taken from totals on Schedules A, B, C, and D.
The Summary and Schedules A, B, C, D and E are to constitute the full accounting. Every transaction occurring during the accounting period should be reflected on the Schedules.
All purchases and sales, all adjustments to the inventory or carrying value of any asset, and any other changes in the assets (such as stock splits) should be described on Schedule D.
The amount in the “Total” column for Item VI must agree with the total inventory or adjusted carrying value of all assets on hand at the close of the accounting period on Schedule E.
_ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF _
From: _, 48_, Through: _, 48_
SCHEDULE A Receipts During Period
Date Brief Description of Items Income Principal
NOTE: Schedule A should reflect only those items received during administration that are not shown on the inventory. Classification of items as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving the sale of assets or other adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule A.
_ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF _
From: _, 48_, Through: _, 49-
*868 SCHEDULE B Disbursements
Date Brief Description of Items Income Principal
NOTE: Schedule B should reflect only those items paid out during the accounting period. Classification of disbursements as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving the purchase of assets or adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule B.
_ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF _
From: _, 48_, Through: _, 48_
SCHEDULE C Distributions
Date Brief Description of Items Income Principal
NOTE: Schedule C should reflect only those items or amounts distributed to beneficiaries during the accounting period. Assets distributed should be shown at their inventory or adjusted carrying values. Classification of distributions as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule C.
_ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF _
From: _, 48_, Through: _, 48.
SCHEDULE D Capital Transactions and Adjustments
*869 (Does not include distributions. Distributions are shown on Schedule C.)
Date Brief Description of Transactions Net Gain Net Loss
TOTAL NET GAINS AND LOSSES $ $
NET GAIN OR (LOSS) $ $
NOTE: Schedule D should reflect all purchases and sales of assets and any adjustments to the carrying values of any assets.
Entries reflecting sales should show the inventory or adjusted carrying values, the costs and expenses of the sale, and the net proceeds received. The net gain or loss should be extended in the appropriate column on the right side of Schedule D.
Entries reflecting purchases should reflect the purchase price, any expenses of purchase or other adjustments to the purchase price, and the total amount paid. Presumably no gain or loss would be shown for purchases.
Entries reflecting adjustments in capital assets should explain the change (such as a stock split) and the net gain or loss should be shown in the appropriate column on the right side of Schedule D.
The NET gain or loss should be entered in the Principal column of the Summary.
_ — ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF _
From: _, IS_, Through:
SCHEDULE E Assets on Hand at Close of Accounting Period
(Indicate where held and legal description, certificate numbers or other identification.)
Estimated Current Value Carrying Value
ASSETS OTHER THAN CASH:
*870 OTHER ASSETS TOTAL
CASH:
CASH TOTAL
TOTAL ASSETS (must agree with the Total for Item VI on Summary)
NOTE: Schedule E should be a complete list of all assets on hand reflecting inventory values for each item, adjusted in accord with any appropriate entries on Schedule D.
Current market values for any assets that are known to be different from the inventory or carrying values as of the close of the accounting period should be shown in the column marked “Current Value.” The total inventory or adjusted carrying value (not Current Value) must agree with the Total for Item VI on Summary.
APPENDIX B TO RULE 5.346
UNIFORM FIDUCIARY ACCOUNTING PRINCIPLES
I. ACCOUNTS SHOULD BE STATED IN A MANNER THAT IS UNDERSTANDABLE BY PERSONS WHO ARE NOT FAMILIAR WITH PRACTICES AND TERMINOLOGY PECULIAR TO THE ADMINISTRATION OF ESTATES AND TRUSTS.
Commentary: In order for an account to fulfill its basic function of communication, it is essential that it be stated in a manner that recognizes that the interested parties are not usually familiar with fiduciary accounts. It is neither practical nor desirable to require that accounts be tailored to meet individual disabilities of particular parties but any account should be capable of being understood by a person of average intelligence; literate in English, and familiar with basic financial terms who has read it with care and attention.
Problems arising from terminology or style are usually a reflection of the fact that people who become versed in a particular form of practice tend to forget that terms which are familiar and useful to them may convey nothing to someone else or may even be affirmatively misleading. For example, the terms “debit” and “credit” are generally incomprehensible to people with no knowledge of bookkeeping and many people who are familiar with them in other contexts would assume that in the context of fiduciary accounting, the receipt *871 of an item is a “credit” to the fund rather than a “debit” to the fiduciary.
While the need for concise presentation makes a certain amount of abbreviation both acceptable and necessary, uncommon abbreviation of matters essential to an understanding of the account should be avoided or explained.
No position is taken for or against the use of direct print-outs from machine accounting systems. The quality of the accounts produced by these systems varies widely in the extent to which they can be understood by persons who are not familiar with them. To endorse or object to a direct print-out because it is produced by machine from previously stored data would miss the essential point by focusing attention upon the manner of preparation rather than the product.
II. A FIDUCIARY ACCOUNT SHALL BEGIN WITH A CONCISE SUMMARY OF ITS PURPOSE AND CONTENT.
Commentary: Very few people can be expected to pay much attention to a document unless they have some understanding of its general purpose and its significance to them. Even with such an understanding, impressions derived from the first page or two will often determine whether the rest is read. The use that is made of these pages is therefore of particular significance.
The cover page should disclose the nature and function of the account. While a complete explanation of the significance of the account and the effect of its presentation upon the rights of the parties is obviously impractical for inclusion at this point, there should be at least a brief statement identifying the fiduciary and the subject matter, noting the importance of examining the account and giving an address where more information can be obtained.
It is assumed that the parties would also have enough information from other sources to understand the nature of their relationship to the fund (e.g., residuary legatee, life tenant, remainderman), the function of the account, and the obligation of the fiduciary to supply further relevant information upon request. It is also assumed that notice will be given of any significant procedural considerations such as limitation on the time within which objections must be presented. This would normally be provided by prior or contemporaneous memoranda, correspondence, or discussions.
A summary of the account shall also be presented at the outset. This summary, organized as a table of contents, shall indicate the order of the details presented in the account and shall show separate totals for the aggregate of the assets on hand at the beginning of the accounting period; transactions during the period; and the assets remaining on hand at the end of the period. Each entry in the summary shall be supported by a schedule in the account that provides the details on which the summary is based.
III. A FIDUCIARY ACCOUNT SHALL CONTAIN SUFFICIENT INFORMATION TO PUT THE INTERESTED PARTIES ON NOTICE AS TO ALL SIGNIFICANT TRANSACTIONS AFFECTING ADMINISTRATION DURING THE ACCOUNTING PERIOD.
Commentary: The presentation of the information account shall allow an interested party to follow the progress of the fiduciary’s administration of assets during the accounting period.
An account is not complete if it does not itemize, or make reference to, assets on hand at the beginning of the accounting period.
Illustration:
*872 3.1 The first account for a decedent’s estate or a trust may detail the items received by the fiduciary and for which the fiduciary is responsible. It may refer to the total amount of an inventory filed elsewhere or assets described in a schedule attached to a trust agreement.
Instead of retyping the complete list of assets in the opening balance, the preparer may prefer to attach as an exhibit a copy of the inventory, closing balance from the last account, etc., as appropriate, or may refer to them if previously provided to the interested parties who will receive it.
Transactions shall be described in sufficient detail to give interested parties notice of them purpose and effect. It should be recognized that too much detail may be counterproductive to making the account understandable. In accounts covering long periods or dealing with extensive assets, it is usually desirable to consolidate information. For instance, where income from a number of securities is being accounted for over a long period of time, a statement of the total dividends received on each security with appropriate indication of changes in the number of shares held will be more readily understandable and easier to check for completeness than a chronological listing of all dividends received.
Although detail should generally be avoided for routine transactions, it will often be necessary to proper understanding of an event that is somewhat out of the ordinary.
Illustrations:
3.2 Extraordinary appraisal costs should be shown separately and explained.
3.3 Interest and penalties in connection with late filing of tax returns should be shown separately and explained.
3.4 An extraordinary allocation between principal and income such as apportionment of proceeds of property acquired on foreclosure should be separately stated and explained.
3.5 Computation of a formula marital deduction gift involving non-probate assets should be explained.
IV. A FIDUCIARY ACCOUNT SHALL CONTAIN TWO VALUES, THE ASSET ACQUISITION VALUE OR CARRYING VALUE, AND CURRENT VALUE.
Commentary: In order for transactions to be reported on a consistent basis, an appropriate carrying value for assets must be chosen and employed consistently.
The carrying value of an asset should reflect its value at the time it is acquired by the fiduciary (or a predecessor fiduciary). When such a value is not precisely determinable, the figure used should reflect a thoughtful decision by the fiduciary. For assets owned by a decedent, inventory values or estate tax values-generally reflective of date of death-would be appropriate. Assets received in kind by a trustee from a settlor of an inter vivos trust should be carried at them value at the time of receipt. For assets purchased during the administration of the fund, cost would normally be used. Use of Federal income tax basis for carrying value is acceptable when basis is reasonably representative of real values at the time of acquisition. Use of tax basis as a carrying value under other circumstances could be affirmatively misleading to beneficiaries and therefore is not appropriate.
In the Model Account, carrying value is referred to as “fiduciary acquisition value.” The Model Account establishes the initial carrying value of assets as their value at date of death for inventoried assets, date of receipt for subsequent receipts, and cost for investments.
*873 Carrying value would not normally be adjusted for depreciation.
Except for adjustments that occur normally under the accounting system in use, carrying values should generally be continued unchanged through successive accounts and assets should not be arbitrarily “written up” or “written down.” In some circumstances, however, with proper disclosure and explanation, carrying value may be adjusted.
Illustrations:
4.1 Carrying values based on date of death may be adjusted to reflect changes on audit of estate or inheritance tax returns.
4.2 Where appropriate under applicable local law, a successor fiduciary may adjust the carrying value of assets to reflect values at the start of that fiduciary’s administration.
4.3 Assets received in kind in satisfaction of a pecuniary legacy should be carried at the value used for purposes of distribution.
Though essential for accounting purposes, carrying values are commonly misunderstood by laypersons as being a representation of actual values. To avoid this, the account should include both current values and carrying values.
The value of assets at the beginning and ending of each accounting period is necessary information for the evaluation of investment performance. Therefore, the account should show, or make reference to, current values at the start of the period for all assets whose carrying values were established in a prior accounting period.
Illustrations:
4.4 The opening balance of the first account of a testamentary trustee will usually contain assets received in kind from the executor. Unless the carrying value was written up at the time of distribution (e.g., 4.2 or 4.3 supra) these assets will be carried at a value established during the executor’s administration. The current value at the beginning of the accounting period should also be shown.
4.5 An executor’s first account will normally carry assets at inventory (date of death) values or costs. No separate listing of current values at the beginning of the accounting period is necessary.
Current values should also be shown for all assets on hand at the close of the accounting period. The date on which current values are determined shall be stated and shall be the last day of the accounting period, or p. date as close thereto as reasonably possible.
Current values should be shown in a column parallel to the column of carrying values. Both columns should be totalled.
In determining current values for assets for which there is no readily ascertainable current value, the source of the value stated in the account shall be explained. The fiduciary shall make a good faith effort to determine realistic values but should not be expected to incur expenses for appraisals or similar costs when there is no reason to expect that the resulting information will be of practical consequence to the administration of the estate or the protection of the interests of the parties.
Illustrations:
4.6 When an asset is held under circumstances that make it clear that it will not be sold (e.g., a residence held for use of a beneficiary) the fiduciary’s estimate of value would be acceptable in lieu of an appraisal.
4.7 Considerations such as a pending tax audit or offer of the property for sale may indicate the advisability of not publishing the fiduciary’s best estimate of val *874 ue. In such circumstances, a statement that value was fixed by some method such as “per company books,” “formula under buy-sell agreement,” or “300% of assessed value” would be acceptable, but the fiduciary would be expected to provide further information to interested parties upon request.
V. GAINS AND LOSSES INCURRED DURING THE ACCOUNTING PERIOD SHALL BE SHOWN SEPARATELY IN THE SAME SCHEDULE.
Commentary: Each transaction involving the sale or other disposition of securities during the accounting period shall be shown as a separate item in one combined schedule of the account indicating the transaction, date, explanation, and any gain or loss.
Although gains and losses from the sale of securities can be shown separately in accounts, the preferred method of presentation is to present this information in a single schedule. Such a presentation provides the most meaningful description of investment performance and will tend to clarify relationships between gains and losses that are deliberately realized at the same time.
VI. THE ACCOUNT SHALL SHOW SIGNIFICANT TRANSACTIONS THAT DO NOT AFFECT THE AMOUNT FOR WHICH THE FIDUCIARY IS ACCOUNTABLE.
Commentary: Transactions such as the purchase of an investment, receipt of a stock split, or change of a corporate name do not alter the total fund for which a fiduciary is accountable but must be shown in order to permit analysis and an understanding of the administration of the fund. These can be best shown in information schedules.
One schedule should list all investments made during the accounting period. It should include those subsequently sold as well as those still on hand. Frequently the same money will be used for a series of investments. Therefore, the schedule should not be totalled in order to avoid giving an exaggerated idea of the size of the fund.
A second schedule (entitled “Changes in Investment Holdings” in the Model Account) should show all transactions affecting a particular security holding, such as purchase of additional shares, partial sales, stock splits, change of corporate name, divestment distributions, etc. This schedule, similar to a ledger account for each holding, will reconcile opening and closing entries for particular holdings, explain changes in carrying value, and avoid extensive searches through the account for information scattered among other schedules.
RULE 5.385. DETERMINATION OF BENEFICIARIES AND SHARES
(a) Beneficiaries and Shares. If a personal representative or other interested person is in doubt or is unable to determine with certainty beneficiaries entitled to an estate or the shares of any beneficiary of an estate, or a beneficiary entitled to any asset or interest in an estate, the personal representative or other interested person may petition the court to determine beneficiaries.
(b) Petition. The petition shall include:
(1) the names, residences, and post office addresses of all persons who may have an interest, except creditors of the decedent, known to the petitioner or ascertainable by diligent search and inquiry;
(2) a statement of the nature of the interest of each person;
(3) designation of any person believed to be a minor or incapacitated, and wheth *875 er any person so designated is under legal guardianship in this state;
(4) a statement as to whether petitioner believes that there are, or may be, persons whose names are not known to petitioner who have claims against, or interest in, the estate as beneficiaries.
(c) Order. After formal notice and hearing, the court shall enter an order determining the heirs or devisees or the shares and amounts they are entitled to receive, or both.
Committee Notes
This rule represents a rule implementation of the procedure found in section 733.105, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure, except that it recognizes the right of an interested person other than the personal representative to initiate this procedure. The first sentence of (2) of the statute has not been included in this rule as the committee feels it is sufficiently covered in rule 5.025. The second sentence of (2) of the statute is felt by the committee to be substantive and has not been included.

Rule History

1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Subdivision (c) added to implement procedure formerly found in section 733.105(2), Florida Statutes. Committee notes revised.

Statutory References

Ch. 49, Fla. Stat. Constructive service of process.
§ 731.201(21), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice, — method and time;- proof.
§ 733.105, Fla. Stat. Determination of beneficiaries.

Rule References

Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.120 Administrator ad litem and guardian ad litem.
Fla. Prob. R. 5.205(a)(6) Filing evidence of death.
RULE 5.404. NOTICE OF TAKING POSSESSION OF PROTECTED HOMESTEAD
(a) Filing of Notice. If a personal representative takes possession of what appears reasonably to be protected homestead pending a determination of its homestead status, the personal representative shall file a notice of that act.
(b) Contents of Notice. The notice shall contain:
(1) a legal description of the property;
(2) a statement of the limited purpose for preserving, insuring, and protecting it for the heirs or beneficiaries pending a determination of the homestead status;
(3) the name and address of the personal representative and the personal representative’s attorney;
(4) if known, the location, date, and time the petition to determine homestead status will be heard, and
(5) if the personal representative is in possession when the notice is filed, the date the personal representative took possession.
*876 (c) Service of Notice. The notice shall be served in the manner provided for service of formal notice on interested persons and on any person in actual possession of the property.
Committee Notes

Rule History

2002 Revision: New rule.

Statutory Reference

§ 733.608(2), Fla. Stat. General power of the personal representative.
RULE 5.405. PROCEEDINGS TO DETERMINE PROTECTED HOMESTEAD REAL PROPERTY
(a) Petition. An interested person may file a petition to determine protected homestead real property owned by the decedent.
(b) Contents. The petition shall be verified by the petitioner and shall state:
(1) the date of the decedent’s death;
(2) the county of the decedent’s domicile at the time of death;
(3) the name of the decedent’s surviving spouse and the names and dates of birth of the decedent’s surviving lineal descendants;
(4) a legal description of the property owned by the decedent on which the decedent resided; and
(5) any other facts in support of the petition.
(c) Order. The court’s order on the petition shall describe the real property and determine whether any of the real property constituted the protected homestead of the decedent. If the court determines that any of the real property was the protected homestead of the decedent, the order shall identify the person or persons entitled to the protected homestead real property and define the interest of each.
Committee Notes
This rule establishes the procedure by which the personal representative or any interested person may petition the court for a determination that certain real property constituted the decedent’s protected homestead property, in accordance with article X, section 4 of the Florida Constitution. The jurisdiction of the court to determine constitutional protected homestead property was established by In re Noble’s Estate, 73 So.2d 873 (Fla.1954).

Rule History

1984 Revision: New rule.
1988 Revision: Editorial change in (a). Subdivision (b)(4) amended to conform to constitutional change. Committee notes revised. Citation form change in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (c) amended to require description of real property that is the subject of the petition, description of any homestead property, and definition of specific interests of persons entitled to homestead real property.
2002 Revision: Replaces “homestead” with “protected homestead” throughout to conform to áddition of term in section 731.201(29), Florida Statutes. Committee notes revised.

Constitutional Reference

Art. X, § 4, Fla. Const.

Statutory References

§ 731.104, Fla. Stat. Verification of documents.
§ 731.201(29), Fla. Stat. General definitions.
*877 § 732.401, Fla. Stat. Descent of homestead.
§ 732.4015, Fla. Stat. Devise of homestead.
§ 733.607, Fla. Stat. Possession of estate.
§ 733.608, Fla. Stat. General power of the personal representative.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.205(a)(7) Filing evidence of death.
Fla. Prob. R. 5.340 Inventory.
RULE 5.440. PROCEEDINGS FOR REMOVAL
(a) Commencement of Proceeding. The court on its own motion may remove, or any surety,-any joint personal representative, or any other interested person by petition may commence a proceeding to remove, a personal representative. A petition for removal shall state the facts constituting the grounds upon which removal is sought, and shall be filed in the court issulng-the lettershaving jurisdiction over the administration of the estate.
(b) Accounting. A removed personal representative shall file an accounting within 30 days after removal. The accounting shall include a statement of all property on hand, and all- ■ receipts and disbursements — and all cash and — other property transactions from the date of the last-accounting or, if none, from the date that letters were issued to the removed personal representative. — The provisions relating to notice of filing,.objections to accounting, approv-al-of-accounting by the court, and-substantiation of accountings contained4nr-rule-5;345(b) through (f) shall apply-lo-this rule.
(c) Delivery of Records and Property. A removed personal representative shall, immediately after removal or within such time prescribed by court order, deliver to the remaining personal representative or to the successor personal -representative fiduciary all of the records of the estate and all of the property of the estate withm 30 days after removal or within such lesser time set by the court.
(d) Failure to File Accounting or Deliver Records and Property. If a removed personal representative fails to file an accounting or fails to deliver to the remaining — or-successor personal representative all property of the estate and all estate records under the control of the removed personal representative to the remaining personal representative or to the successor fiduciary within the time prescribed by this rule or by court order of the court, the removed personal representative shall be subject to contempt proceedings.
Committee Notes
The revision of subdivision (a) of this rule by the addition of its final phrase represents a rule implementation of the procedure found in section 733.505, Florida Statutes. It is not intended to change the effect of the statute from-which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

Rule History

1980 Revision: Subdivision (a) amended to require formal notice to interested persons and to delete requirement that court give directions as to mode of notice. Surety authorized to petition for removal.
1984 Revision: Editorial changes. Provisions in prior rule for contempt have *878 been deleted since the court has the inherent power to punish for contempt. Committee notes revised.
1988 Revision: Last phrase of (a) added to implement the procedure found in section 733.505, Florida Statutes. Subdivision (b)amended to parallel interim accounting rules. Deletes ability to extend time to file and adds reference to court power to punish for contempt. Committee notes expanded. Editorial changes. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Entire rule amended. Contents of accountings by removed fiduciaries are now governed by rule 5.346. Editorial changes in (a), (c), and (d). Committee notes revised.

Statutory References

§ 731.201(21), Fla. Stat. General definitions.
§ 733.504, Fla. Stat. Causes-of-rR emo-val of personal representative; causes of removal.
§ 733.505, Fla. Stat. Jurisdiction in removal proceedings.
§ 733.506, Fla. Stat. Proceedings for removal.
§ 733.5061, 'Fla. Stat. Appointment of successor upon removal.
§ 733.507, Fla. Stat. Administration following-resignation or -removal.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.509, Fla. Stat. Surrender of assets upon removal.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.150 Order requiring accounting.
Fla. Prob. R. 5.345 Accountings other than personal representatives’ final ac-countings.
Fla. Prob. R. 5.346 Fiduciary accounting.
Fla. Prob.-R.-5.660 Proceedings-for-r-e-moval-of guardian.
RULE 5.510. ESTABLISHMENT AND PROBATE OF LOST OR DESTROYED WILL
(a) Proceeding. The establishment and probate of a lost or destroyed will shall be in one proceeding.
(b) Petition. The petition, in addition to reciting information required under these rules for petition for administration, shall include a statement of the facts constituting grounds on which relief is sought, and a statement of the contents of the will or, if available, a copy of the will.
(c) Testimony. The testimony of each witness in the proceeding shall be reduced to writing and filed and may be used as evidence in any contest of the will if the witness has died or moved from the state.
(d) Notice. No lost or destroyed will shall be admitted to probate unless formal notice has been given to those who, but for the will, would be entitled to the property thereby devised.
(4)(e) Order. The order admitting the will to probate shall state in full its terms and provisions.
*879 Committee Notes
This rule represents a rule implementation of the procedure found in section 733.207, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure. The committee believes that the substantive, and has not therefore been meladed-he-re-r This rule replaces a prior rule of the same number and is intended to track the statute more closely than the prior rule.

Rule History

1977 Revision: Editorial change in subdivision (c) of prior rule.
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Rule rewritten to conform to statute. Committee notes expanded. Citation form change in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2002 Revision: Subdivision (d) added to implement procedure formerly found in section 733.207(3), Florida Statutes. Committee notes revised.

Statutory Reference

§ 733.207, Fla. Stat. Establishment and probate of lost or destroyed will.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.200 Petition for administration.
RULE 5,520. FAMILY ADMINISTRATION
(a) Petition, The petition shall be verified by the surviving-spouse, if any, and the — beneficiaries and shall — contain the statements required by law and-the follow-iag;
(1) Facts showing that the petitioners are-entitled to-family administratiom
(-2) A schedule of all assets required by — law—to be listed and the- estimated values of each, probate and nonprobate assets being listed separately. — Homestead and-exempt property shall be separately designated.
(3) One of the-following shall be included:
(A)-A statement that the-estate is not indebted.-
(E) A statement that- all creditors’ claims are barred.
(C) The name' of-each creditor, the nature of the debt, the amount of the debt and-^wfeether-the-amount is estimated or exaeL-and-when the debt is due. — If provision — for payment of the debt has been made-othe-r-than-i-n-the-proposed -order of distribution, the following information shall be-s-hown;-
pay the debt.
(ii) The creditor’s written consent for-substitution- or assumption-of-the debt by another person.
(iii) The amount to be paid if the debt-has-been-eomprom-ised-.-
(iv) If the debt is to be paid in other than 1 lump sum or as directed by *880 court order — 'the-time andumethod of-pay-menk
(4) A-sehedule of proposed distribution of all probate-assets and the person to whom each-asset-is-to be distributed-
(-b)-Testate Estate, — In a testate estatey on the filing.of — the petition-far — family administration, the decedent’s will shall-be proved and-admitfe-d to probate-?
(c) Order, If the court determines that the decedent’s estate qualifies for family administration, it shall enter an order-distributing the probate assets and spec-ifieally designating-the- person to whom each asset is to be-distr-ibuted.
Committee Notes

Rule History

1975 Revision: Established the requirements-of a petition for family administra-tiem
1980 Revision: — Deleted -repetition of specifie4anguage included in the statutes.
4984 — Revision:—Extensive—revisions^ -Requirements were added to protect creditors because publication of notice of- ad-minlstr-ation is not always required. — Committee-notes revised.
1988 Revision: Editorial change in caption of (a). — Committee notes revised.
4992 — Revision:-Editorial—changesr Committee--notes-revised. — Citation - -form changes-in-eom-mlttee notes.

Statutory References

§-73-1-104 — Ela^-Stat. Verificatlon-of-doe-umentSv
§§ 735;l-0-l — 735-1-07, Fla. -gtat^-Eamily adm-inistratiom

Rule-Referenees

Fla. P-rob-R — 5,020 Pleadings; verification; motions.-
Fia.Prob. R. 5.205(a)(3) Filing-evidence of death,
RULE 5.530. SUMMARY ADMINISTRATION
(a) Petition. The petition shall be verified and shall contain the statements required by law and the following:
(1) Facts showing that the petitioners are entitled to summary administration.
(2) A schedule of all assets required by law to be listed and the estimated value of each, separately designating protected homestead and exempt property.
(3) One of the following shall be included:
(A) A statement that the estate is not indebted.
(B) A statement that all creditors’ claims are barred.
(C) The name of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provision for payment of the debt has been made other than in the proposed order of distribution, the following information shall be shown:
(i) The name of the person who will pay the debt.
(ii) The creditor’s written consent for substitution or assumption of the debt by another person.
(iii) The amount to be paid if the debt has been compromised.
(iv) If the debt is to be paid in other than 1 lump sum or as directed by court order, the time and method of payment.
(4)A schedule of proposed distribution of all probate assets and the person to whom each asset is to be distributed.
(b) Testate Estate. In a testate estate, on
*881 (c) Order. If the court determines that the decedent’s estate qualifies for summary administration, it shall enter an order distributing the probate assets and specifically designating the person to whom each asset is to be distributed. Committee Notes
Verification and service of a petition for summary administration are governed by rules 5.020, 5.040, and 5.041. Section 735.206(2), Florida Statutes, relating to diligent search for, and service of the petition for summary administration on, reasonably ascertainable creditors is substantive. Nothing in this rule is intended to change the effect of the statutory amendments.

Rule History

1977 Revision: Changes to conform to 1975 statutory revision. Established the requirements of a petition for summary administration and provided for the hearing thereon and the entry of the order of distribution of the assets.
1984 Revision: Extensive revisions and editorial changes. Committee notes revised.
1988 Revision: Editorial change in caption of (a). Committee notes revised.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Replaces “homestead” with “protected homestead” in (a)(2) to conform to addition of term in section 731.201(29), Florida Statutes. Committee notes revised.

Statutory References

§ 731.104, Fla. Stat. Verification of documents.
§ 731.111, Fla. Stat. Notice to creditors.
§§ 735.201-735.2092063, Fla. Stat. Summary administration.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.205(a)(4) Fifing evidence of death.